## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

ISLAND WIFI LIMITED, LLC,

    Plaintiff,

vs.

AT&T MOBILITY NATIONAL ACCOUNTS LLC

    Defendant.

_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant AT&T Mobility National Accounts LLC ("AT&T"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, gives notice of removal of the action styled *Island Wifi Ltd., LLC v. AT&T Mobility Nat'l Accounts LLC*, case no. 2020-CA-017369, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action"). AT&T appears for the purposes of removal only, reserves all defenses and rights available to it, and as grounds for removal states as follows.

### Nature of the Action

1. Plaintiff Island Wifi Limited, LLC ("Island Wifi") filed the State Court Action on August 14, 2020, against AT&T in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A copy of all process, pleadings, and orders served on AT&T in that action are attached as Exhibit A.

2. Island Wifi alleges various civil claims against AT&T. Because this is a civil action between citizens of different states in which plaintiff alleges damages in excess of $75,000, exclusive of interest and costs, this Court has original jurisdiction under 28 U.S.C. § 1332. *See* Ex.

A, at Compl., Am. Compl. Thus, all claims and causes of action asserted in this action may be removed to this Court pursuant to 28 U.S.C. § 1446.

## Diversity Jurisdiction

3. This action may be removed pursuant to 28 U.S.C. § 1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

4. The instant action is one which may be removed to this Court because: (a) it is a civil action, (b) complete diversity of citizenship exists between the Plaintiffs and Defendant, and (c) the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. The United States District Courts would have had original jurisdiction of this matter under 28 U.S.C. § 1332 had the action initially been brought in federal court.

## Complete Diversity of Citizenship Exists Between the Parties

6. Plaintiff is a limited liability company whose sole member is Whitney Leo Tripp, also known as Leo Tripp. *See* Ex. A, at Compl. ¶ 7 (alleging the Island Wifi "was represented by sole owner Tripp" (emphasis added)); Am. Compl. ¶ 7 (same). Mr. Tripp is an individual domiciled in Louisiana, and is thus a citizen of Louisiana. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.")). Accordingly, Island Wifi is a citizen of Louisiana. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

7. AT&T is a limited liability company and a citizen of Delaware, Georgia, New

Jersey, New York, and Texas. AT&T's complete chain of membership and the citizenship of its members is described in the Declaration of Paula Phillips, attached as Exhibit B and incorporated here by reference.

8. The citizenships of each party and the facts set forth in paragraphs 6 and 7 were the same at the time Island Wifi initiated the State Court Action.

### The Amount in Controversy Exceeds $75,000

9. Island Wifi does not allege a specific amount in controversy. In determining the amount in controversy, this Court is entitled to rely on its judicial experience and common sense, and "need not give credence to a plaintiff's representation that the value of the claim is indeterminate." *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

10. A reasonable reading of the complaint reveals that the minimum jurisdictional amount is satisfied because the complaint seeks damages in excess of $75,000. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (holding that when a complaint does not claim a specific amount of damages, removal is proper if it is facially apparent that the amount in controversy exceeds the jurisdictional requirement).[1] *See, e.g.*, Ex. A at Compl. ¶ 46 (bringing a claim for a breach of contract where the bill for just June 2020 was allegedly $105,197.59); Am. Compl. ¶ 104 (same); Compl. ¶ 75 ("Defendant intended that the false statements and omissions would induce Plaintiff to act on such false statements and omissions by entering into a contract and paying more than $100,000.00, for services which Defendant later refuses to provide, despite Plaintiff faithful performance under the contract."); Am. Compl. ¶ 175 (same except that the

---

[1] AT&T denies that Island Wifi is entitled to any damages, but the amount Island Wifi would be entitled to under the merits is irrelevant for the purposes of removal. *See McDaniel v. Fifth Third Bank*, 568 Fed. App'x 729, 731 (11th Cir. 2014) ("When analyzing the amount in controversy, the district court is precluded from inquiring into the amount a party is likely to receive on the merits.").

allegation is that Island Wifi paid "more than $200,000").

11. Likewise, pursuant to 28 U.S.C. §1446(c)(2)(A)(i), AT&T is entitled to establish the amount in controversy if the preceding is in any way deficient. *See Pretka*, 608 F.3d at 754 (providing that a party seeking removal may establish the amount in controversy through evidence).

### All Procedural Requirements for Removal Have Been Met

12. AT&T's agent for service of process was purportedly served with documents relating to the case—which did not include the complaint or summons—on August 14, 2020. *See* Ex. A, at Return of Service (Aug. 17, 2020). It is incontrovertible that that supposed "service" did not include a summons as the court in the State Court Action did not issue the summons until August 20, 2020.

13. Without conceding that service was properly executed, Island Wifi did not purportedly serve AT&T a copy of the complaint and summons until August 28, 2020. *See* Ex. A, at Return of Service (Aug. 28, 2020).

14. Under 28 U.S.C. § 1446(b), the deadline for removal could not have possibly begun to run until at least August 28, 2020. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.").

15. Regardless, this notice is being filed within 30 days of AT&T's receipt of the August 14 service and thus is timely filed under 28 U.S.C. § 1446(b).

16. There are no other defendants in this case and, as such, no additional consent is necessary under 28 U.S.C. § 1446(b).

17. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other papers or exhibits of every kind on file in the State Court Action or served upon AT&T in the State Court Action are attached hereto.

18. The Circuit Court of the Eleventh Judicial Circuit, the court in which this action was originally filed, is located within the Miami Division of the Southern District of Florida. *See* 28 U.S.C. § 89(c). Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), AT&T will be filing a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and will serve a copy of this Notice of Removal on Plaintiff. A copy of that Notice of Filing Notice of Removal is attached as Exhibit C.

WHEREFORE, Defendant AT&T Mobility National Accounts, LLC respectfully requests, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, that this action be removed in its entirety from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court, that this Court proceed with the case as if it was originally initiated in this Court, and that this Court make and enter such further orders as may be necessary and proper.

Dated: September 9, 2020

Respectfully submitted,

**Jordi C. Martínez-Cid_____**
Derek E. León
  Florida Bar No. 625507
Jordi C. Martínez-Cid
  Florida Bar No. 100566
Jeremy L. Kahn
  Florida Bar No. 105277
Email: dleon@leoncosgrove.com
Email: jmartinez-cid@leoncosgrove.com
Email: jkahn@leoncosgrove.com
Email: eperez@leoncosgrove.com
Email: lburns@leoncosgrove.com

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: 305.740.1975

*Counsel for AT&T Mobility*
*National Accounts LLC*

## CERTIFICATE OF SERVICE

I certify that on September 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn will serve a copy by notice of electronic filing to all counsel of record listed below.

Kevin Drummond, Esq.
BLUE LINE LAW FIRM, PLLC
1645 Palm Beach Lakes Blvd., Suite 1200
West Palm Beach, FL, 33401
intake@tbllf.com
kevin@tbllf.com

*Counsel for Island Wifi Limited, LLC*

**Jordi C. Martínez-Cid**
Jordi C. Martínez-Cid

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR., 8TH FLOOR | MIAMI, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM